THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERMAN CLARK, Defendant-Appellant.

First District (3rd Division)   No. 83—2779

Opinion filed March 4, 1987.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Steven J. Zick, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

After a trial without a jury, defendant, Herman Clark, was convicted of unlawful use of weapons and sentenced to a term of two years. On appeal, defendant contends he was improperly found guilty because he was a licensed security guard and therefore legally in possession of the guns found on his person and in his automobile at the time of his arrest.

On September 23, 1982, shortly after midnight, defendant was driving home from his job as a security guard when he was stopped by police for making a turn without giving a signal. Defendant was driving without a driver's license, and after a pat-down search the police officer found a loaded revolver on defendant's person. When defendant's car was inventoried at the police station, a loaded handgun was found in the trunk. Defendant was charged with two counts of unlawful use of weapons alleging that he knowingly carried guns on his person and in his automobile within five years of a prior felony conviction for unlawful use of weapons and within two years of a felony conviction for

possession of a stolen motor vehicle. Ill. Rev. Stat. 1981, ch. 38, par. 24—1.

Defendant claimed exemption to the statute under section 24—2, which in relevant part grants exemption to the following:

"[S]ecurity guards while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment, provided that such commuting is accomplished within one hour from departure from home or place of employment, ***. For purposes of this Section, security guards means persons employed by a licensed detective agency as defined by 'AN ACT to provide for Licensing and Regulating Detectives and Detective Agencies,' *** and who, as such security guards are members of a security force of 30 persons or more registered with the Department of Registration and Education, provided, that such security guard has successfully completed a course of study ***. The Department of Registration and Education shall provide suitable documentation to demonstrate the successful completion of such course. Such documentation shall be carried by the security guard at all times when he is in possession of a concealable weapon." (Ill. Rev. Stat. 1981, ch. 38, par. 24—2(4)).

Section 24—2 refers us to "AN ACT to provide for Licensing and Regulating Detectives and Detective Agencies" for the definition of security guards. (Ill. Rev. Stat. 1981, ch. 111, par. 2601 *et seq.*) Section 10b of this Act specifically determines the limitations on who is a security guard and thus aids in determining eligibility for exemption from the unlawful-use-of-weapons statute. The section states:

"(1) No person may be employed by the holder of a certificate of authority as an armed guard or investigator if he *** has been convicted in this or another State of any crime which is a felony in this State ***. However, if a person has been convicted of a felony or a crime involving moral turpitude and 10 years shall have expired from the time of discharge from any sentence imposed therefor without the person being convicted of any crime except minor traffic offenses he shall be eligible to be employed by a holder of a certificate of authority.

(2) No person may be employed by the holder of a certificate of authority until he has executed and furnished to the certificate holder a verified statement to be known as 'Employee's Statement,' setting forth:

* * *

(e) Any conviction of a felony or offense involving moral tur-

pitude." Ill. Rev. Stat. 1981, ch. 111, pars. 2622(1), (2)(e).

Defendant testified that when he was stopped, he produced for police both his firearms owner identification card and his Department of Registration and Education Card, the card issued to all licensed security guards. He told police he was employed as a security guard and en route home from work. It was stipulated that defendant had worked for the security company until midnight the night he was arrested.

Defendant also testified that prior to beginning work for the security company, he completed a training course at the Illinois Law Enforcement Academy. Defendant received his certificate from the State of Illinois Department of Registration and Education in February 1982, indicating that he was a licensed security guard.

The State offered certified statements indicating that in May 1978, defendant was convicted of unlawful use of weapons and sentenced to two years' probation, and in April 1980, defendant was convicted of theft and sentenced to a term of one year.

Defendant further testified that on his application to the Department of Registration and Education, in response to the question regarding prior convictions for felonies in the last five years, he responded "Yes." Defendant stated, however, that on the application to the security company and the Law Enforcement Academy, the question was worded in terms of whether he had ever been convicted of a crime and sentenced to more than one year in prison. Defendant responded "No" to this question since his stay in prison was less than a year.

While defendant argues that he admitted on the relevant applications that he had been convicted of a felony, the record shows the contrary. As required by statute, defendant filled out an "employee's statement" prior to being hired by the security company in 1982. The statement asked, "Have you ever been convicted of any criminal offense(s) in Illinois or in another state, or in federal court?" and defendant responded "No."

On appeal, defendant contends that his conviction should be reversed because the trial court expressly found that defendant met the requirements of the statute and, thus, he should be exempted from the provisions of the unlawful-use-of-weapons statute. Defendant argues that since the trial court found that he was employed by a licensed security company, had completed the required training, was issued the proper certificate by the State, was on his way home from work as a security guard when stopped by the police, and that he showed the police his proper identification and documentation for the guns he was carrying, he could not be found guilty under the statute. The trial court did make these findings of fact, but went on to hold that the security-

guard exemption did not apply to defendant because a person convicted of a felony within the last 10 years does not fit within the definition of a security guard for purposes of the unlawful-use-of-weapons statute.

Defendant argues for a plain and literal interpretation of the statute and claims that the trial court is prohibited from looking beyond the words of the statute to determine whether defendant was legally entitled to certification or employment as a security guard. We find that the trial court did not go beyond the meaning of the statute. The exemption claimed by defendant is only available to one who is a security guard under the statutory definition. In the present case, defendant has two felony convictions and thus is expressly excluded from the statutory definition of a security guard.

In support of his position, defendant cites *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180, which states that a criminal statute is to be strictly construed in favor of the accused, and nothing is to be taken by intendment or implication beyond the obvious or literal meaning of the statute. *Gibson,* however, specifically dealt with a statute which was found to be ambiguous on its face. We find nothing in the unlawful-use-of-weapons statute or the statute placing limitations on who may be a security guard to be ambiguous. While it is clear that a security guard is exempted from the unlawful-use-of-weapons provisions, it is equally clear that a person convicted of a felony within the last 10 years is not a security guard under the Act. Defendant did not factually meet all the requirements of the statute. To the contrary, he could not meet the primary requirement of being legally entitled to certification or employment as a security guard.

Reading the provisions of the statutes together, it is clear that the legislature intended to exclude persons convicted of a felony, except under limited circumstances, from becoming security guards, and thereby prohibit the circumvention of the unlawful-use-of-weapons statute by persons deemed ineligible to carry weapons. Because of his convictions, defendant is clearly outside the statutory exemption and to reverse his conviction would legitimize the impropriety and violate the policy behind the statute by allowing a convicted felon to carry firearms.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.